FILED
U. DISTRICT COURT
ERN DISTRICT OF TEXA

SEP 2 4 2008

DAVID J. MALAND, CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| RONALD M. KENNEDY,<br><br>     Plaintiff,<br><br>VS.<br><br>THE COCA-COLA COMPANY, THE<br>COCA-COLA COMPANY d/b/a<br>COCO-COLA NORTH AMERICA,<br>STATCO ENGINEERING and<br>FABRICATORS, INC. d/b/a STATCO<br>BEVERAGE DIVISION and STATCO<br>DESIGN SERVICES, ATLAS<br>AUTOMATION, INC., and ATLAS<br>TECHNOLOGIES, L.L.C. f/d/b/a or<br>a/k/a ATLAS AUTOMATION, INC.,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 5:07-CV-00040 DF**<br>**JURY** |

## ORDER

Before the Court is *Defendant Statco's Motion in Limine.* Having considered the Motion and all arguments, the Court hereby rules as follows:

### 1. INSURANCE COVERAGE

The fact that the Defendant is covered by some form of liability insurance with respect to the incident in question, for the reason that such fact is entirely immaterial to any issue in this cause, and any mention or implication thereof, directly or indirectly, would be extremely harmful and prejudicial to Defendant. FED. R. EVID. 411.

GRANTED: _____    DENIED: _____

## 2. CONNECTION WITH INSURANCE INDUSTRY

From inquiring of any member of the venire as to any connection with the insurance industry. If Plaintiff's counsel is sincerely interested in determining whether there is any such connection for purposes of exercising jury strikes, this information can be obtained by asking each individual juror their occupation, past occupation, and that of their household, which will provide relevant information and at the same time, avoid harming Defendant by interjecting insurance into the case.

GRANTED: _____        DENIED: _____

## 3. ANSWER DAMAGE ISSUE "REGARDLESS WHO PAYS"

From interrogating any member of the venire as to whether they would answer an issue on damages in accordance with the evidence, regardless of who pays the damages or when they will be paid, or whether they will ever be paid, or any similar version of such inquiry, for the reason that the same improperly injects the implication of insurance and wealth into the suit and Defendant further moves the Court to instruct counsel not to make any such reference in jury argument or similar import.

GRANTED: _____        DENIED: _____

## 4. DEFENDANT'S RESPONSIBILITY TO PAY JUDGMENT

For making any statement or inference that Defendant would not be financially responsible for the judgment in the event of an adverse verdict.

GRANTED: _____        DENIED: _____

## 5. SETTLEMENT OFFERS

Any compromise and/or settlement offers or negotiations between the parties.  FED. R. EVID

408.

GRANTED: _____          DENIED: _____

## 6. FAILURE TO CALL EQUALLY AVAILABLE WITNESSES

That Defendant has not called to testify any witness equally available to both Defendant and

Plaintiff in this cause.

GRANTED: _____          DENIED: _____

## 7. TESTIMONY OF ABSENT WITNESSES

Any reference, mention, or statement to the jury of the probable testimony of a witness who

was absent, unavailable or not called to testify in this cause.

GRANTED: _____          DENIED: _____

## 8. HEARSAY STATEMENTS RELATED TO PLAINTIFF'S PHYSICAL CONDITION

That Plaintiff or Plaintiff's witnesses have been told anything by any doctor, osteopath,

chiropractor, or other medical witness concerning Ron Kennedy's physical condition, or loss of use

of any specific member of his body, for the reason that such revelation would refer to hearsay, and no

such statements which may be offered fall within the exceptions pursuant to FED. R. EVID. 803, and

for the further reason that such would be an attempt to introduce before the jury expert testimony

without a proper predicate concerning the expert's qualifications and abilities to give such testimony.

GRANTED: _____          DENIED: _____

## 9. PRIOR TESTIMONY

Any commenting, referring to or exhibiting any prior statement of any witness who is available at trial if such statements are offered for purposes other than impeachment or rebuttal. Such statements are inadmissible as hearsay under Rule 802, Federal Rules of Evidence.

GRANTED: _____    DENIED: _____

## 10. INTERVIEW NOTES OF DARLA BURGE

Any commenting, referring to or exhibiting any prior statement of any witness from the document entitled "Interviews for Ronnie Kennedy Investigation" created by Darla Burge (Plaintiff's Exhibit No. 50). These statements are inadmissible as hearsay within hearsay under FED. R. EVID. 801-802 and FED. R. EVID. 805. In this case, neither level of hearsay within these statements falls within the relevant exceptions in FED. R. EVID. 804, and therefore any such testimony must be excluded. *See Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 279 (5th Cir. 1991).

GRANTED: _____    DENIED: _____

## 11. EMAIL FROM DWIGHT MCKINNEY DATED 10/22/05

Any comment or reference to any prior statement of any witness from the email created by Dwight McKinney dated 10/22/05 discussing Plaintiff's accident (Plaintiff's Exhibit No. 51). These statements are inadmissible as hearsay within hearsay under FED. R. EVID. 801-802 and FED. R. EVID. 805. In this case, neither level of hearsay within these statements falls within the relevant exceptions in FED. R. EVID. 804, and therefore any such testimony must be excluded. *See Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 279 (5th Cir. 1991).

GRANTED: _____    DENIED: _____

## 12. COCA-COLA BOX DIAGRAM OF PLAINTIFF'S ACCIDENT

Any reference or comment regarding any statement from the Coca-Cola Box Diagram of Plaintiff's accident (Plaintiff's Exhibit No. 52). These statements are inadmissible as hearsay under FED. R. EVID. 801-802. Further, testimony related to this box diagram is not relevant to any issue in this cause. To the extent that such evidence may be found to have some degree of probative value, it is greatly outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 401- 403.

GRANTED: _____          DENIED: _____

## 13. PRIOR CLAIMS OR LAWSUITS AGAINST DEFENDANT'S EXPERTS OR OTHER WITNESSES

Any reference by Plaintiff, his attorney or any witness, regardless by whom called, to prior lawsuits or claims, outcome of same, or the results of any settlement of same, including any malpractice claims, suits, or other civil lawsuits filed against any expert witness or other witness called by the Defendant to testify at the trial of the cause. FED. R. EVID. 401-403.

GRANTED: _____          DENIED: _____

## 14. COMMENT ON DISCOVERY

Any reference to the fact that the Defendant or its attorney sought to prevent discovery of evidence during the pre-trial discovery, or after the trial began, through the assertion of objection, instructions from counsel, or privileges.

GRANTED: _____          DENIED: _____

### 15. COMMENT ON SPOILATION

Any reference to a failure by Defendant to preserve evidence; or that Defendant intentionally, or negligently disposed of, altered, made unavailable, or failed to produce such items; or that had Defendant produced such items, they would have been unfavorable to Defendant.   It is well settled that federal courts apply federal evidentiary rules rather than state spoliation laws in diversity suits. *Condrey v. Suntrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005*); see also White v. Wal-Mart Stores East*, 159 Fed. Appx. 850, 850 (5th Cir. 2006); *King v. Illinois Central Railroad*, 337 F.3d 550, 556 (5th Cir. 2003). Under federal evidentiary rules, "mere negligence" is not enough to warrant an instruction on spoliation. *Vick v. Texas Employment Commission,* 514 F.2d 737, 737 (5th Cir. 1975); *see also Condrey, supra.* Fifth Circuit case law is clear that a plaintiff is entitled to an instruction on spoliation only if the plaintiff can show the defendant acted "in bad faith". *Id.* at 737; *see also King, supra*, at 556. There is no evidence of bad faith on the part of Defendant, and any reference to any missing evidence is irrelevant, unduly prejudicial and has the potential to mislead and confuse the jury.

GRANTED: _____    DENIED: _____

### 16. MENTION OF "GROSS NEGLIGENCE"

Any comment or reference to any claim by Plaintiff related to the alleged "gross negligence" of Defendant as the claim of gross negligence is not set forth in Plaintiff's Complaint.  Plaintiff should refrain from any mention of punitive damages, or comments that Defendant acted with malice, or willfulness, or with callous and reckless indifference to the safety of others, or in disregard of a high and excessive degree of danger. Any comment on punitive damages is irrelevant to this cause, unduly prejudicial, would violate Defendant's right to due process of law, and has the potential to mislead and confuse the jury. FED. R. EVID. 401-403.

GRANTED: _____    DENIED: _____

## 17. DEMAND ITEMS FROM ATTORNEY'S FILE

Making demands or requests before the jury for matters found or contained in the files of Defendant or Defendant's attorneys, which would include statements, pleadings, or photographs or other documents or tangible things.

GRANTED: _____    DENIED: _____

## 18. REQUEST FOR STIPULATION IN JURY PRESENCE

Requesting Defendant or Defendant's attorney to stipulate to either the admissibility of any evidence or stipulate to any facts or matters in front of the jury. FED. R. EVID. 401-403.

GRANTED: _____    DENIED: _____

## 19. REMEDIAL MEASURES

Any reference to or inquiring about any subsequent remedial measures taken by any Defendant which, if taken previously, would have made the event less likely to occur, as such would be an attempt to prove negligence or culpable conduct in connection with the occurrence of which Plaintiff complains. FED. R. EVID. 407.

GRANTED: _____    DENIED: _____

## 20. LEGAL DEFENSES

From mentioning, directly or indirectly, any reference to matters of law pled in Defendant's last Answer as those are matters of law solely for the Court's consideration and determination.

GRANTED: _____    DENIED: _____

## 21. COUNSEL'S PERSONAL OPINIONS

From expressing any personal opinions or beliefs regarding the case or a testifying witness because such reference, specifically by Plaintiff' counsel, is prohibited by Rule 3.04(c)(3) of the Texas Rules for Professional Conduct.

GRANTED: _____        DENIED: _____

## 22. EXPENSES OF PLAINTIFF

From bringing evidence or referencing the costs or expenses incurred by Plaintiff in connection with the actual bringing and prosecuting of this lawsuit.

GRANTED: _____        DENIED: _____

## 23. OPINIONS OF EXPERT
## NOT PREVIOUSLY OR APPROPRIATELY IDENTIFIED

The offering of any expert testimony of any kind or character of any expert witness which has not been fully or timely designated in the subject matter and the basis for those opinions have not been fully disclosed. FED. R. EVID. 401-403;

GRANTED: _____        DENIED: _____

## 24. EX-PARTE REPORTS

The existence or contents of any ex-parte reports which have not been properly admitted into evidence with the author or custodian thereof present, either in person, by affidavit, or by deposition, and subject to cross-examination or objection by Defendant's counsel.

GRANTED: _____        DENIED: _____

## 25. ATTORNEYS' FEES AND EXPENSES

That Plaintiff will incur attorneys' fees, or that Plaintiff's attorneys' fees are to be taken out of any recovery which Plaintiff may receive as a result of this lawsuit.

GRANTED: _____       DENIED: _____

## 26. INFORMING JURY OF EFFECT OF ANSWERS

That Plaintiff's counsel is instructed that they are not permitted to state or infer to the jury in any way that answering any of the special issues submitted in this case with any particular response would excuse, decrease, or maximize (or any other word of similar import) the payment, if any, to be made by Defendant to Plaintiff or that answering any special issue with a particular response would require that some other special issue be answered with a particular response.

GRANTED: _____       DENIED: _____

## 27. PLACING JURORS IN PLAINTIFF' SHOES

From requesting that the jurors "place themselves in the Plaintiff's shoes," as such arguments attempt to have the jury decide the case based on issues other than the evidence presented.

GRANTED: _____       DENIED: _____

## 28. ASSETS OF DEFENDANT

Any reference to the assets Defendant has available for investigating, preparing and defending this cause.

GRANTED: _____       DENIED: _____

## 29. <u>OTHER LAWSUITS</u>

Any reference or comment that any Defendant has been the subject of any prior or subsequent lawsuits for the reason that such is not relevant to any issue in this cause. Further, to the extent that such evidence may be found to have some degree of probative value, it is greatly outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 401-403.

GRANTED: _____    DENIED: _____

## 30. <u>DISCUSSIONS BEFORE VENIRE PANEL</u>

That Plaintiff's counsel be prohibited from discussing any person's knowledge or opinions of Statco Engineering and Fabricators, Inc., or Statco Engineering and Fabricators, Inc. d/b/a Statco Design Services, (other than merely asking if anyone knows of Statco, etc.) before the venire panel for the reason that such discussions have the potential to introduce information regarding unrelated events which could conceivably poison the remainder of the panel, and greatly prejudice Defendant. Defendant therefore requests that after identifying persons who have knowledge or opinions regarding Statco, that further questioning take place before the bench.

GRANTED: _____    DENIED: _____

## 31. <u>PHOTOGRAPHS OF PLAINTIFF'S INJURY</u>

Any photographs taken of Plaintiff's injuries after the 10/22/05 accident, or any photos of Plaintiff in the hospital   To the extent that such evidence may be found to have some degree of probative value, it is greatly outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 401 – 403.

GRANTED: _____    DENIED: _____

## 32. **REFERENCE TO EXHIBITS**

No reference to, use of, display of or introduction of recordings, videotapes, diagrams, exhibits, or demonstrative evidence during voir dire, opening statement or at any time until a proper predicate has been laid to prove the relevance, materiality and genuineness of any such item, or until the parties have stipulated to use on admissibility.

GRANTED: _____    DENIED: _____

## 33. **REFERENCE TO DEFENDANT'S ATTORNEYS**

No reference to the fact that Defendant's attorneys live and work in Dallas, Texas or to the size of the firm or number of lawyers in the firm representing Defendant as opposed to the firm representing Plaintiff.

GRANTED: _____    DENIED: _____

## 34. **REFERENCE TO PLAINTIFF' FINANCIAL CONDITION**

No reference to the financial condition or needs of Plaintiff.

GRANTED: _____    DENIED: _____

## 35. **REFERENCE TO DEFENDANT'S STATUS AS AN ENTITY**

That Plaintiff and counsel for Plaintiff make no reference that since Defendant is a corporation or other entity, it is without a heart and soul, or comment as to its financial capacity, or make any other reference implying that this Defendant as a corporation or other entity has any less rights under the law than a natural person. The fact that this Defendant is not a natural person is totally irrelevant to these suits and therefore inadmissible under Rules 401 and 402, Federal Rules of

Evidence. Furthermore, any reference to the fact that it is a financially solvent entity, or any related inference is not only irrelevant, but is prejudicial and would unduly confuse the jury and is therefore inadmissible under Rule 403, Federal Rules of Evidence.

GRANTED: ____✓____    DENIED: _____

## 36. REFERENCE TO FUTURE ANGUISH

No reference be made or testimony given concerning any future pain or mental anguish in the absence of medical testimony that in reasonable medical probability the anticipated conditions will occur.

GRANTED: ____✓____    DENIED: _____

## 37. REFERENCE TO LOSS OF FUTURE INCOME

No reference be made or testimony given concerning any loss of future income, as Plaintiff did not disclose during discovery that Plaintiff is seeking this element of damages.

GRANTED: ____✓____    DENIED: _____

## 38.    OTHER PARTIES' MOTIONS

Defendant incorporates as if set forth in full herein all motions in limine filed by any other party to this case to which Defendant has no objection.

GRANTED: ____✓____    DENIED: _____

**SIGNED this 24th day of September, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

ORDER
402486.1